In the Matter of the Petition of LEILA H. VAN DERMORE, Appellant, to Set Aside as Invalid on the Ground of Fraud, Her Release and Her Assignment of Her Distributive Share of the Estate of EDWARD P. PATTEN, Deceased, Alleged to Have Been Given by Her to KITTIE MAE ENGLAND, Administratrix of the Estate of EDWARD P. PATTEN, Respondent.— Appeal from a decree of the Surrogate's Court of Albany county made March 16, 1937, dismissing the petition on the merits. The deceased died intestate, and the petitioner is a sister, seventy-eight years of age, then residing at Braintree, Mass. Juliette Snow was another sister, also of advanced years. Kittie Mae England, a niece of the intestate, was appointed administratrix. The share of the net estate to which the petitioner was entitled as one of the next of kin amounted to about $1,300. The niece who was the administratrix procured the preparation of papers in the city of Albany, with a view to securing the assignment and transfer to herself of the share of the petitioner. The niece and the sister, Mrs. Snow, then went to Braintree, Mass., and induced the petitioner to execute the assignment, and thereby transfer her interest to the niece, without consideration. There had been no substantial relations between the petitioner and her relatives in Albany for years before the death of the decedent. The petitioner was not informed of the net amount of the estate, nor of the share assigned. There was a fiduciary relation between the niece and her aged aunt, this petitioner, and the niece was the dominant personality, and there was no frank and complete divulgence to the petitioner of the facts and circumstances relative to the estate and her share. The administratrix and niece failed to meet the obligation imposed upon her by the law in such cases. (*Wallace* v. *First Trust Company of Albany*, 251 App. Div. 253.) Decree reversed, and the assignment

vacated and set aside, with costs against the administratrix personally. The court reverses the finding of fact of the Surrogate's Court that the dealings between the parties interested were open and deliberate, and free from unfair advantage on the part of the respondent. The court makes a new finding that the transactions resulting in the assignment by the petitioner of her share in the estate to the respondent was not shown by the respondent to have been open and frank, and free from unfair advantage on the part of the respondent. Hill, P. J., McNamee, Crapser, Bliss and Heffernan, JJ., concur.